O
JS-6

cc: order, docket
remand letter to
Los Angeles Superior
Court No. BC 470950

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8722 ODW (RZx) | Date | 11/4/2011 |
|---|---|---|---|
| Title | *Jesus Gutierrez v. Wells Fargo Bank N.A., et al.* | | |

Present:  The Honorable Otis D. Wright II, United States District Judge

| Sheila English | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):           Attorneys Present for Defendant(s):

Not Present                                                    Not Present

**Proceedings (In Chambers):    Order Remanding Action**

Alleging state law claims arising out of a real estate transaction, Plaintiff brought this action in state court against Wells Fargo Bank, N.A. and several other Defendants. Wells Fargo removed the action here based on diversity jurisdiction. On its own motion, this Court hereby orders this case **REMANDED**.

Although Wells Fargo's removal papers contend its citizenship is limited to South Dakota, this Court, like others, finds "that the approach of considering a national banking association to be a citizen of both the state in which it has designated its main office and the state where it has its principal place of business is not precluded by the holding in [*Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006)]." *Saberi v. Wells Fargo Home Mortg.*, 2011 WL 197860, *2 (S.D. Cal. 2011); *See also Mount v. Wells Fargo Bank, N.A.*, No. CV 08-6298 GAF (MANx), 2008 WL 5046286, at *1-2 (C.D. Cal. Nov.24, 2008).

The Court acknowledges, but finds unpersuasive, other courts' interpretation of the Supreme Court's holding in *Schmidt* to mean that a national banking association is a citizen *only* of the state of its main office, as designated in the Articles of Association. *See*, *e.g.*, *Nguyen v. Wells Fargo Bank, N.A.*, No. C 10-4081(EDL), 2010 WL 4348127, at *4-5 (N.D. Cal. Oct.27, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, No. CV 10-1390(JF)(HRL), 2010 WL 2382404, at *2-4 (N.D. Cal. June 9, 2010); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 314-22 (S.D.N.Y. 2006).

**O**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8722 ODW (RZx) | Date | 11/4/2011 |
|---|---|---|---|
| Title | *Jesus Gutierrez v. Wells Fargo Bank N.A., et al.* | | |

      If anything, the doubt raised by this disagreement itself counsels in favor of remand. *See*, *e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (removal statute is strictly construed and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). This Court thus lacks subject matter jurisdiction and hereby orders this action **REMANDED**. All pending motions are **VACATED**. [8, 9, 11.]

**SO ORDERED**

|  |  | ---- | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | SE | | |